UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LATOSHIA ANN THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **No. 25-995** |
| **JOHN W. PENNY, JR., ET AL.** | **SECTION I** |

ORDER AND REASONS

Before the Court are three motions.[1] The first is *pro se* plaintiff Latoshia Ann Thompson's ("plaintiff") motion[2] for leave to file an amended complaint. The second is plaintiff's motion[3] to vacate this Court's order[4] and reasons dismissing her case as frivolous under 28 U.S.C. § 1915(e)(2)(B).[5] The third is plaintiff's emergency motion[6] for a temporary restraining order ("TRO") and a preliminary injunction. For the reasons that follow, the Court will deny all three motions.

I. BACKGROUND

This case was closed on June 6, 2025 pursuant to this Court's order[7] dismissing plaintiff's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B). Plaintiff purported to bring claims pursuant to 42 U.S.C. § 1983 for various violations of the U.S.

---

[1] The Court construes these filings liberally as they were filed *pro se*. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[2] R. Doc. No. 20.
[3] R. Doc. No. 21.
[4] R. Doc. No. 15.
[5] Within that order, the Court also denied plaintiff's motions, R. Doc. Nos. 12, 14, to proceed *in forma pauperis* and plaintiff's motion, R. Doc. No. 3, to file her case under seal.
[6] R. Doc. No. 22.
[7] *See* R. Doc. No. 15.

Constitution, Louisiana law, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Trafficking Victims Protection Act, and the Federal Trade Commission Act.[8] The operative complaint was 119 pages long, and it comprised a total of 534 pages including attachments. That complaint included sixteen listed defendants, including the United States Postal Service ("USPS"); the law firm Penny & Hardy ("Penny"); Acadian Ambulance Service, Inc. ("Acadian"); FedEx Corporation; and St. Tammany Fire Protection District No. 1, among others.[9]

Shortly after this Court dismissed her case, plaintiff attempted to file a second amended complaint.[10] The Clerk of the Court notified her the next day that this filing was deficient because her case "ha[d] been [c]losed and [l]eave is required to file" a new amended complaint.[11] Later that same day, plaintiff filed a motion[12] for access to the Court's electronic filing system (CM/ECF). The Court denied the motion on June 10, 2025 on the ground that plaintiff had "not provided the Court with a basis from which it can conclude that departing from" the Court's procedures requiring all unrepresented parties to file pleadings and documents "in paper form by conventional means" was warranted.[13] The Court further noted in its order denying her request for CM/ECF access that the case was closed.[14]

---

[8] R. Doc. No. 13, at 11–14.
[9] *See id.* at 3–9.
[10] *See* R. Doc. No. 16.
[11] *See* R. Doc. No. 17.
[12] R. Doc. No. 18.
[13] *See* R. Doc. No. 19.
[14] *See id.*

2

On June 11, 2025, plaintiff filed her motion[15] for leave to file an amended complaint. The next day she filed her motion[16] to vacate this Court's order[17] dismissing her case. In her latest motion,[18] filed June 25, 2025, plaintiff seeks a temporary restraining order and a preliminary injunction "to stop ongoing and irreparable harm caused by [d]efendants' continuous pattern of harassment and interference."[19]

## II. LAW AND ANALYSIS

### a. Leave to Amend

Plaintiff filed her motion for leave to amend pursuant to Rule 15(a)(2) even though the action was closed, and she had not yet filed her motion to vacate judgment. Given those circumstances, plaintiff's motion to amend is procedurally foreclosed. *Seiler Tucker Inc. v. Genie Invs.*, No. 23-7288, 2025 WL 1194182, at *3 (E.D. La. Apr. 24, 2025) (Africk, J.); *see also Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) ("Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60." (cleaned up)).

Even if plaintiff had correctly filed her motion, justice does not require the Court to grant leave to amend where the amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] *when justice so requires*.") (emphasis added); *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) ("[A] district

---

[15] R. Doc. No. 20.
[16] R. Doc. No. 21.
[17] R. Doc. No. 15.
[18] R. Doc. No. 22.
[19] *See id.* at 1.

3

court need not grant a futile motion to amend."); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile."). Plaintiff's proposed amended complaint is nearly identical to the complaint that the Court determined was frivolous under 28 U.S.C. § 1915(e)(2).[20] Furthermore, even if the motion were properly before the Court, the Court would deny plaintiff's motion on the ground that the amendment would be futile. *Cf. Franklin v. Elayn Hunt Corr. Ctr. Classification Dep't*, No. 20-829, 2021 WL 6776872, at *3 (M.D. La. Dec. 30, 2021), *report and recommendation adopted*, No. 20-829, 2022 WL 323962 (M.D. La. Feb. 2, 2022) (dismissing the complaint as frivolous under § 1915(e) and further finding "any amendment would be futile, as any claim based on the facts alleged is legally frivolous").

### b.  Vacate Judgment

Because plaintiff filed her motion to vacate within 28 days of the entry of judgment, it must be construed as a motion pursuant to Rule 59(e). *Cf. Johnson v. Davis*, 742 F. App'x 19, 20 (5th Cir. 2018). To prevail on a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot raise issues that could, and should, have been made before the judgment issued." *Kapordelis v. Myers*, 16 F.4th 1195, 1202 (5th Cir. 2021) (internal citation omitted).

---

[20] *Compare* R. Doc. No. 13, *with* R. Doc. No. 20-1.

Plaintiff makes three arguments to support her motion to vacate. First, that this Court's order issued on June 6, 2025 dismissing her case as frivolous was entered "without notice" and without the Court "allowing [her] to be heard . . . [or] allowing [her] the opportunity to pay a filing fee or otherwise respond."[21] This, she argues, "raise[s] serious due process and fairness concerns that merit immediate review."[22] Second, plaintiff argues that the Court's denial of her motion to access CM/ECF forced her to "rel[y] on the United States Postal Service—the named defendant in this action—for delivery of court notices,"[23] and she was therefore impaired in her "ability to monitor the docket or respond to court directives."[24] Lastly, plaintiff voices her disagreement with the Court's finding that her claims are frivolous. She maintains that they are not and that "external data sources lend significant credibility to [p]laintiff's claims and refute the notion that the allegations are delusional or baseless."[25]

---

[21] R. Doc. No. 21, at 1; *see also id.* at 3 ("[The Court's] opinion, rendered without notice, briefing, or the opportunity for [p]laintiff to respond, constitutes a unilateral and *ex parte* assessment of the record. The Court relied on facts not tested through adversarial proceedings and dismissed the claims without proper process.").
[22] *Id.* at 3.
[23] *Id.* at 2.
[24] *Id.*; *see also id.* at 6 ("Forcing [p]laintiff to rely on a broken delivery system, operated by the very Defendant [(USPS)] accused of tampering with [p]laintiff's mail, creates a structural due process violation and severely undermines access to justice.").
[25] *Id.* at 7; *see also id.* at 3 ("Plaintiff respectfully submits that [the Court's opinion (R. Doc. No. 15)] reflects a grossly biased and/or negligent evaluation of the record, disregards clear and irrefutable allegations in the complaint, and denies fundamental procedural fairness.").

Plaintiff's first two arguments are based on her incorrect belief that she was entitled to notice prior to dismissal of her case for frivolousness under § 1915(e)(2)(B)(i). As the Fifth Circuit explained in *Meeks v. DeBouse*,

> Typically, before a court dismisses a *pro se* complaint, the court gives the plaintiff notice of the complaint's deficiencies and an opportunity to amend. Dismissal may be appropriate without an opportunity to amend, however, where amendment is futile because the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.

No. 24-10431, 2024 WL 4457846, at *1 (5th Cir. Oct. 10, 2024) (internal quotations omitted), *cert. denied*, No. 24-6973, 2025 WL 1679012 (U.S. June 16, 2025); *see also Frickey v. Nelson*, No. 24-2212, 2024 WL 4706817, at *2 (E.D. La. Oct. 31, 2024) (Africk, J.) (finding that the Court did not "disregard[] procedural safeguards such as notice or opportunity to amend" when it dismissed plaintiff's frivolous complaint *sua sponte*) (citing *Meeks*, 2024 WL 4457846 at *2); *see also id.* ("Because the Court found the facts alleged in plaintiff's complaint are fantastic and delusional, *sua sponte* dismissal was appropriate. Accordingly, there is no procedural issue . . . ."). Accordingly, plaintiff does not prevail on her notice-based arguments for reconsideration.

As to plaintiff's contention that her claims are not frivolous, plaintiff merely reasserts the same arguments, allegations, and "data" that were before the Court when it dismissed her complaint as frivolous.[26] This is not a sufficient basis for the Court to grant reconsideration under Rule 59(e). *See Kentdrick Ratliff v. Louisiana*

---

[26] *Compare* R. Doc. No. 13, *with* R. Doc. No. 21.

*State et al.*, No. 24-2757, 2025 WL 1744920 (E.D. La. June 24, 2025) (Africk, J.) (holding that "[m]ere disagreement with the Court's order is not sufficient grounds for reconsideration"); *see also Mayfield v. DeSoto Par. Police Jury*, No. 15-2374, 2017 WL 2295908, at *1 (W.D. La. May 25, 2017) ("A motion for reconsideration should not be used to advance arguments already presented or relitigate matters that have been resolved, albeit to the moving party's dissatisfaction.").

### c.  TRO and Preliminary Injunction

To begin, it would be inappropriate to grant injunctive relief because this case is closed. *See Davis v. Thompson*, No. 19-493, 2020 WL 5775147, at *1 (M.D. La. Sept. 28, 2020). Still, even if the case were not closed, the Court would not grant plaintiff's requested relief. "Preliminary injunctions[27] are 'extraordinary remedies' only to be granted when the moving party establishes" four elements:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Texas Trib. v. Caldwell Cnty., Texas*, 121 F.4th 520, 525 (5th Cir. 2024). Plaintiff's failure to meet her burden on any element is enough for the Court to deny the request for a TRO or a preliminary injunction. *See Davis*, 2020 WL 5775147, at *1 (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990)) ("If a plaintiff fails to meet

---

[27] TROs and preliminary injunctions are considered under the same standard. *See, e.g.*, *Alvarado v. Noem*, No. 25-1048, 2025 WL 1519124, at *1 (E.D. La. May 28, 2025) (Africk, J.) (utilizing the same four elements to determine if the plaintiff was entitled to a TRO). Accordingly, the authority the Court cites within this section is applicable to both plaintiff's request for a TRO and her request for a preliminary injunction.

7

his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction."). Moreover, "[c]ourts have wide discretion with respect to whether to grant preliminary injunctions." *Jones v. Gusman*, No. 12-859, 2015 WL 5714619, at *2 (E.D. La. Sept. 28, 2015) (Africk, J.) (citing *Fed. Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir.1987)).

The Court has already found that plaintiff's claims are frivolous.[28] As such, plaintiff's request for injunctive relief based on these frivolous allegations fails because the Court has already implicitly found there is no likelihood of success on the merits. *Cf. Davis*, 2020 WL 5775147, at *1 (holding that the court's previous dismissal of the plaintiff's complaint for failure to state a claim pursuant to § 1915(e) demonstrated that the plaintiff did "not have any likelihood of success on the merits," and the plaintiff's request for a preliminary injunction would be denied). Having found plaintiff fails to establish the first necessary element, the Court denies plaintiff's request for injunctive relief.

### III.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion[29] for leave to file an amended complaint, plaintiff's motion[30] to vacate, and plaintiff's emergency motion[31] for a temporary restraining order ("TRO") and a preliminary injunction are **DENIED**.

---

[28] *See* R. Doc. No. 15.
[29] R. Doc. No. 20.
[30] R. Doc. No. 21.
[31] R. Doc. No. 22.

8

New Orleans, Louisiana, June 27, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**